THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST MOORE

        Plaintiff,

vs.

Case No. 07-10442

DISTRICT JUDGE BERNARD A FRIEDMAN
MAGISTRATE JUDGE STEVEN D. PEPE

LIEUTENANT TANNER, MICHAEL BURGESS,
AND JANE DOE,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DKT. #24)**
**AND**
<u>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. #29)**</u>

On August 1, 2007, Plaintiff filed his motion to compel discovery, primarily requesting that the Court enter an order compelling Defendants to provide him with the booking records from March to May of 2006 for Chanter County Jail (Dkt. #24). Defendants Michael Burgess, D.O., ("Burgess") and unidentified Jane Doe ("Doe"), if in fact a nurse, responded to Plaintiff's motion on August 2, 2007 (Dkt. #25). Although the Court issued a August 6, 2007, notice indicating that responses to Plaintiff's motion were due within 14 days after service pursuant to E.D. Mich. L.R. 7.1, Defendant Tanner has failed to file a response to Plaintiff's motion (Dkt. #26).[1]

On August 22, 2007, Plaintiff also filed a second motion for appointment of counsel

---

[1] Plaintiff refers to Defendant Tanner at times as Sheriff Tanner. Defendant Tanner indicated in his Answer to Plaintiff's Complaint that he is in fact a Lieutenant at the Jackson County Jail facilities at Chanter Road and works under the supervision of the Sheriff, Undersheriff and Jail Administrator at the Jackson County Sheriff Department (Dkt. #14, p. 2).

1

(Dkt. #29). Plaintiff's first motion requesting appointed counsel was denied by the Court on February 20, 2007 (Dkt. #8). All pretrial matters were referred to the undersigned on February 22, 2007 (Dkt. #9). For the following reasons indicated below, **IT IS ORDERED THAT** Plaintiff's motion to compel discovery is **GRANTED** and Plaintiff's motion for appointment of counsel is **DENIED.**

## I. BACKGROUND

On January 29, 2007, Plaintiff filed a Complaint that alleges the following:

> Upon entering the Jackson county on a outstanding a warrant I inform the medical staff of all of my up coming appointment with the Neurg (sic) at University of Michigan hospital for a stab wound I'd received prior to turning myself in back Sept 2005 with the first schedule appointment for January 2006 and was denied and had them canceell (sic) by order of sheriff tanner when the need was obvious to prevent further nerve damages. Dr. Michael Burgess failure to provide me with adequate medical care and treatment reasonable commensurate with one of his professionnor (sic) with the quality acceptable with modern science within andy (sic) prudent professional standaards (sic) his assistant NURSE Jane Doe also failed to provide me with any care do one of her profession all of whom exhibit deliberate indifference and violated my rights under the 8th and 14th amendment to the U.S. Constitution and in violation of title II of the ADA and Rehab Act sheriff taaner (sic) failure to act or provide appropriate training and Supervision ratified their actions.

(Dkt. #1, p. 4).

On August 1, 2007, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 34(b) and 37(a) to compel Defendants to produce the following for inspections and copying:

> Booking records from March to May of 2006 for Chanter County Jail, which Plaintiff deems necessary in order to obtain the name and address of a fellow inmate, Tommy Simmon, who was taken to his outside medical appointment, while Plaintiff was denied similar treatment.

(Dkt. #24, p. 1).

In addition, Plaintiff requested the Court enter an order pursuant to Fed. R. Civ. P. 26(b)(5), which reads:

2

> Parties may obtain discovery regarding any matter not privileged, which is relevant to the claim defense of any party, including the existence, description, nature, custody, condition, and location of persons having knowledge of any discoverable matter. which is reasonable (sic) calculated to lead to the discovery of admissible evidence. such as whether Sheriff Tanner gave D.O. Michale (sic) Burgess or Nurse Kathy Williams to cancel all plaintiff outside medical appointment, while on the other hand personally taken inmate Tommy Simmon to his.

*Id.*

## II. ANALYSIS

### A. **Plaintiff's Motion to Compel**

From an examination of Plaintiff's Request for Production of Documents (Dkt. #25, Ex. A), it does not appear that he properly requested the documentation seemingly at issue in his motion. Rather, such documents appear to have been improperly requested in Plaintiff's Interrogatories, mailed or served on May 6, 2007, and due June 5, 2007 (Dkt. #25, Ex. C., Plaintiff's Interrogatories, no. 3.).[2] Yet, the Court is mindful of its obligation to liberally construe pro se pleadings. *See, Haines v. Kerner*, 404 U.S. 519 (1972); *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich.1994). In the present case, therefore, the Court liberally construes Plaintiff's discovery request to be one requesting that Defendants provide him with the last known address or contact information for Tommy Simmon, the above referenced inmate, who appears to be witness with potentially relevant information related to Plaintiff's claims.

On June 5, 2007, Defendants Burgess and Doe timely responded to Plaintiff's discovery request and informed him, in part, that his request had "no application" to these Defendants (Dkt.

---

[2] Plaintiff's Interrogatory No. 3 reads:

> State the names of all detainee lodge in the Chanter County Jail from the months of Jan 2006 until June 2006 and address specifically of one tommie simmon.

3

#25, Ex. D). Plaintiff also apparently requested the document/information at issue in an untitled pleading on June 27, 2007, which he certifies he sent to each attorney of record (Dkt. #25, Ex. E). On July 24, 2007, Defendants Burgess and Doe again timely responded and informed Plaintiff that his request had "no application" to these Defendants (Dkt. #25, Ex. F). These medical providers would not have information on the last known address of another inmate.

Because Defendant Tanner has failed to file a response to Plaintiff's motion, it is not possible for the Court to determine to what extent Defendant Tanner has attempted to answer Plaintiff's discovery requests. Under Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Moreover, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* In the present matter, Plaintiff's discovery request regarding the last known contact information for inmate Tommy Simmon is likely relevant to the subject matter involved in this action, as it would, at a minimum, allow Plaintiff to locate a potential witness for his case.

Accordingly, it is **ORDERED** that on or before September 14, 2007, Defendant Tanner shall provide Plaintiff with the last known address and telephone number, if known, of inmate Tommy Simmon. Because Defendants Burgess and Doe do not have access to such information, they are not required to provide any further response to Plaintiff's present discovery request.

From reviewing Plaintiff's motion, it is not clear if he is specifically seeking any further discovery or simply wishes this Court to direct Defendants to comply with the Federal Rules of

4

Civil Procedure, specifically Rule 26. As required by the Rules, Defendants are directed to cooperate in discovery and provide Plaintiff with any discovery that is relevant to a claim or defense in this matter. In the event Plaintiff is unable to receive discovery after using the procedures set out in Fed. R. Civ. P. 33, 34, and/or 36, he may file a subsequent motion to compel, which complies with the Local Rules and Federal Rules of Civil Procedure that specifically identifies the discovery he is seeking, what discovery tools he used to seek the discovery, and which demonstrates through the use of exhibits and arguments why the discovery he has received to date, if any, is inadequate.

B.     **Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a second motion to have this Court appoint an attorney to assist him with his case (Dkt. #29). His first motion was denied by this Court on February 20, 2007 (Dkt. #8). Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff's Complaint focuses on claims of deliberate indifference to his medical condition, as well as related violations of his Constitutional rights. The factual issues raised by

5

Plaintiff are clear and straightforward. Plaintiff has demonstrated in his Complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

### III.  ORDER

For the above states reasons, it is **ORDERED** that Plaintiff's motion to compel discovery is **GRANTED** and Plaintiff's motion for appointment of counsel is **DENIED**. The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: August 30, 2007                          s/Steven D. Pepe
Ann Arbor, Michigan                          United States Magistrate Judge

CERTIFICATE OF SERVICE

       I hereby certify that on August 30, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Matthew T. Ajluni, Jason D. Kolkema, Clyde M. Metzger, Judith A. Sherman, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Ernest Moore #177514, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201

                                                s/ James P. Peltier
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peliter@mied.uscourts.gov