THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST MOORE

        Plaintiff,

vs.

LIEUTENANT TANNER, MICHAEL BURGESS,
AND JANE DOE,

        Defendants.
_____/

Case No. 07-10442

DISTRICT JUDGE BERNARD A FRIEDMAN
MAGISTRATE JUDGE STEVEN D. PEPE

**ORDER DENYING DEFENDANT TANNER'S
MOTION FOR RECONSIDERATION (DKT. #31)**

On August 30, 2007, the Court granted Plaintiff's Motion to Compel, and ordered that on or before September 14, 2007, Defendant Tanner shall provide Plaintiff with the last known address and telephone number, if known, of inmate Tommy Simmon (Dkt. #30). On September 7, 2007, Defendant Tanner filed his Motion for Reconsideration claiming that "Defendant Tanner's Brief in Response to Plaintiff's Motion to Compel was mistakenly never electronically filed with the Court" (Dkt. #31).[1] Defendant Tanner now asks the Court to consider his reply brief and change its previous ruling to deny Plaintiff's Motion to Compel. All pre-trial matters have been referred (Dkt. #9). For the reasons stated below, it is ordered that Defendant Tanner's Motion for Reconsideration is **DENIED**.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when

---

[1] Defendant Tanner claims that a paper hard-copy was sent to Plaintiff, and to the Court in the form of a "Judge's copy," by U.S. mail on August 6, 2007. Yet, the Court has no record of having received a Judge's copy of Defendant's response.

1

the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

In the present case, Defendant Tanner has failed to comply with Local Rule 5.1.1(a), which states in pertinent part:

> (a) Governing Rules and Procedures. The local rules, the court's ECF Policies and Procedures (Appendix ECF to these rules), and court orders govern papers filed by electronic means. Except as specified otherwise in the ECF Policies and Procedures or by court order, all papers (not simply cases) filed after November 30, 2005 *must* be filed electronically (*emphasis added*).

While Defendant Tanner indicates that his response to Plaintiff's motion was mistakenly never filed with the Court, this statement does not discharge Defendant Tanner's counsel from his duty to verify that he has complied with the Local Rules. Indeed, this Court specifically issued an August 6, 2007, notice to Defendants informing them that they were required to file responses to Plaintiff's Motion to Compel within 14 days after service pursuant to L.R. 7.1 (Dkt. #26). Such a notice should have served as a reminder to Defendant Tanner's counsel to verify that he had fulfilled his obligations under the Local Rules. Granting Defendant Tanner's motion would set an inefficient precedent that would not promote judicial economy and would allow attorneys to side step their ongoing responsibilities to cooperate in discovery under the Federal Rules of Civil Procedure and to comply with the Local Rules. Accordingly, it is ordered that Defendant Tanner's Motion for Reconsideration is **DENIED.**

For the purpose of expediting discovery, Defendant Tanner also notes in his Motion for

Reconsideration the following (Dkt. #31, pp. 3-4):

> A. That as early as June 8, 2007, the Plaintiff was informed that "[c]ontact information for an alleged inmate Tommie Simon is not available for one or more of the following reasons: no such inmate exists; it is an incorrect inmate name; or not enough information was provided to identify the named inmate." Defendant Tanner acknowledges that there is a continuing obligation to supplement earlier discovery responses, but states that the Plaintiff has not provided any new information that would enable him to provide the information that is being requested.
>
> B. That as demonstrated by the voluntary disclosures and other matters described in Defendant Tanner's Brief in Response to Plaintiff's Motion to Compel, Defendant Tanner has gone over and beyond that requirements to cooperate with the Plaintiff's discovery of information that is relevant to the claims and defenses in this case. Moreover, in light of the volume of the documentation (relevant and irrelevant) that has already been provided to the Plaintiff, Defendant Tanner states that future discovery should be very narrowly tailored for the purpose of avoiding discovery that is cumulative, unduly burdensome and otherwise improper.

In light of Defendant Tanner's response, it is determined that Defendant Tanner will have sufficiently addressed the discovery request at issue in Plaintiff's Motion to Compel if Defendant Tanner provides Plaintiff a declaration under 28 U.S.C. § 1746 or an affidavit that he has no information concerning the last known address and telephone number of inmate Tommy Simmon or any nearly similar named person housed at the Chanter County Jail in March, April or May of 2006.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty

(20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: September 12, 2007                           s/Steven D. Pepe
Ann Arbor, Michigan                            United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Matthew T. Ajluni, Jason D. Kolkema, Clyde M. Metzger, Judith A. Sherman, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Ernest Moore #177514, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201

                                            s/ James P. Peltier
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church St.
                                            Flint, MI 48502
                                            810-341-7850
                                            pete_peliter@mied.uscourts.gov