THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST MOORE

          Plaintiff,          Case No. 07-10442

vs.

          DISTRICT JUDGE BERNARD A FRIEDMAN
          MAGISTRATE JUDGE STEVEN D. PEPE

LIEUTENANT TANNER, MICHAEL BURGESS,
AND JANE DOE,

          Defendants.
_____/


**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (DKT. #34),
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT (DKT. #38),
ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDERED PHYSICAL AND
MENTAL EXAMINATION OF PLAINTIFF (DKT. #44),
AND
ORDER DENYING OCTOBER 24, 2007, MOTION FOR LEAVE
TO FILE AN AMEND COMPLAINT (DKT. #47)**

On September 18, 2007, Defendants Michael Burgess, D.O. and unidentified Jane Doe filed their "Motion to Strike Plaintiff's Improper, Unauthorized And/Or Mislabeled Pleadings Dated September 8-9, 2007, " (Dkt. #34), which references documents the Clerk's Office accepted for filing on September 17, 2007, as an "Amended Complaint" (Dkt. #33).[1] Plaintiff subsequently filed his October 5, 2007, "Motion For Leave To File An Amended Complaint"

---

[1] On October 22, 2007, the Clerk's Office subsequently split Dkt. #33 into several filings, rather than one document under the heading "Amended Complaint." Those documents are now listed on the docket as: Dkt. #33, Amended Complaint; Dkt. #43, Request for a Court Order Sanctions for Non-Comliance (sic) with Local Rules 7.1; Dkt. #44, Motion for Court Order Physical and Mental Examination and; Dkt. #45, Petition for Pretrial Conferences Court Order. This Order will address Plaintiff's Amended Complaint (Dkt. #33) and Plaintiff's Motion for Court Order Physical and Mental Examination (Dkt. #44).

1

(Dkt. #38).[2] All pretrial matters were referred on February 22, 2007, under 28 U.S.C. § 636(b) (Dkt. #9). For the following reasons indicated below, **IT IS ORDERED THAT** both Defendants' Motion to Strike and Plaintiff's Motion for Leave to File an Amended Complaint are **GRANTED**. It is **FURTHER ORDERED THAT** Plaintiff's Motion for Court Order Physical and Mental Examination and Plaintiff's October 24, 2007, Motion for Leave to File an Amended Complaint are **DENIED**.

## I. DEFENDANTS' MOTION TO STRIKE

In response to Defendants' Motion to Strike, Plaintiff indicates "contrary to the defendant (sic) assertion, plaintiff was requesting guidance from the court in regard to what was expect (sic) of him in his pretrial statement requested by the court and the Preliminary Statement, which has been miscontrue (sic) as being an Amended Complaint to which plaintiff would stipulate to striking" (Dkt. #41, p. 1). Because Plaintiff consents to the relief sought by Defendants, their Motion to Strike is **GRANTED**. Accordingly, Dkt. #33 shall be stricken from the docket.

## II. PLAINTIFF'S OCTOBER 5, 2007, MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

On October 5, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint in which he seeks to add to parties to this lawsuit. In his original Complaint, Plaintiff named a Jane Doe Defendant and Lt. Tanner as Sheriff. Through discovery, Plaintiff has learned that Lt. Tanner is not the Sheriff for Chanter County Jail, but rather Defendant Tanner is in fact a

---

[2] On October 24, 2007, Plaintiff filed another Motion for Leave to File an Amended Complaint (Dkt. #47). This motion is identical to his motion to amend filed on September 17, 2007, which the Court has granted in this Order. Accordingly, Plaintiff's October 24, Motion for Leave to File an Amended Complaint is **DENIED** as moot.

2

Lieutenant at the Jackson County Jail facilities at Chanter Road and works under the supervision of the Sheriff, Undersheriff and Jail Administrator at the Jackson County Sheriff Department (Dkt. #14, p. 2). Since the filing of his original Complaint, Plaintiff has also determined that name of the Jane Doe defendant is Chris Willis, LPN. Accordingly, Plaintiff seeks leave of the Court to amend his Complaint to include these two defendants, Chris Willis and the Sheriff of the Jackson County Jail facilities at Chanter Road.

Local Rule 15.1 requires that "a party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." The Rule also states, however, that "failure to comply with this Rule is not grounds for denial of the motion." Because all Defendants have filed responsive pleadings to Plaintiff's original complaint (Dkt. #12 & #14), he is no longer allowed to amend his pleading once "as a matter of course." Rather, pursuant to Fed. R. Civ. P. 15(a), Plaintiff may amend his complaint only by leave of court "when justice so requires" or by written consent of the adverse party.

Insofar as Plaintiff attempts to add the Sheriff relates to Plaintiff's claims against Defendant Tanner, he construes the Plaintiff's original Complaint as a claim against him in his "official capacity," which is essentially the same as an action against Jackson County itself. *Kentucky v Graham*, 473 U.S. 159, 165 (1985). Therefore, if the Plaintiff's proposed amended claim is limited to a claim against Defendant Tanner, the Sheriff, or another supervisory official in his or her "official capacity" only, Defendant Tanner would not oppose the Plaintiff's request and would stipulate to an amendment of the caption to substitute the County of Jackson for the

previously named "Sheriff Tanner" (Dkt. #40, p. 2). Accordingly, Plaintiff's Motion for Leave to Amend his Complaint is **GRANTED** as it pertains to "Sheriff Tanner," and the caption to this case shall be amended to substitute the County of Jackson for the previously named "Sheriff Tanner."

Defendant Tanner makes no response insofar as it relates to the claims against the "Jane Doe" Defendant. *Id.* Defendants Michael Burgess, D.O. and unidentified Jane Doe do not admit or deny whether "Jane Doe defendant is Chris Willis LPN" in the context of Plaintiff's claim. Yet, they object to Plaintiff's amended complaint because Plaintiff has failed to comply with LR 15.1 by failing to attach the proposed amended pleading to his motion.

While LR 15.1 does state that a party "must, except by leave of court, reproduce the entire pleading as amended," it also indicates that "failure to comply with this Rule is not grounds for denial of the motion." Moreover, Plaintiff is a *pro* se prison inmate, and as such, his pleadings are not held to the standard of a practicing attorney, but are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) ( pro se pleadings are held to "an especially liberal standard"); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

It is clear from Plaintiff's pleadings that he intended to add two new defendants, upon learning of their correct identities through the course of discovery. While it would have been preferable that he attached the entire pleading as amended to his motion, it is not fatal to his motion to amend that he failed to do so. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED** as it pertains to Chris Willis, LPN and the caption to this case

shall be amended to substitute Chris Willis, LPN for the previously named "Jane Doe."

Defendants note that discovery in this case ended on October 26, 2007 (Dkt. #23). In the event the addition of these new parties requires additional discovery, the Court will entertain motions for extensions of the scheduling order as deemed appropriate.

### III. PLAINTIFF'S MOTION FOR COURT ORDERED PHYSICAL AND MENTAL EXAMINATION OF PLAINTIFF

Plaintiff has filed a motion requesting that this Court order an examination of his mental and physical health (Dkt. #44). There is no specification as to what sort of specialist(s) are to conduct such an examination, and no specific examiners are proposed. Moreover, no mention is made as to how any such examinations would be paid for, or when they might take place.

Fed. R. Civ. P Rule 35(a) provides that "on motion for good cause shown" the court in which the action is pending "may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner" when the party's mental or physical condition is in controversy. The decision whether to order an examination is committed to the sound discretion of the trial court. *E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 61 (W.D.N.Y. 2003). As stated in the rule, the movant has the burden of showing good cause and that the physical or mental condition of the party is in controversy. *Schlangenhauf v. Holder*, 379 U.S. 104, 119 (1964).

Typically, a motion for a Rule 35 examination is brought by the opposing party to compel an unwilling participant that has placed his/her health at issue in the litigation to submit to an examination. It was not drafted with the intent that it be utilized by a Plaintiff wishing to have himself/herself examined. Parties, if they are free of incarceration, can arrange for a

5

medical or psychiatric evaluation without a court order. The rule also anticipates that the party seeking the examination pay for it. This Court has no funds for such purposes. In the present case, Plaintiff indicates that he is under psychiatric care and on psychiatric medications (Dkt. #44, p. 1). It would follow therefore that examinations have been performed and medical records already exist that demonstrate Plaintiff's current mental and physical health. Thus, Plaintiff has failed to sufficiently show sufficient cause why this Court should order an examination. Accordingly, Plaintiff's motion for a court ordered examination is **DENIED**. In the event Plaintiff wishes to examine his current health, it is recommended that he makes a request to receive a copy of his medical records

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).

**SO ORDERED.**

Date: October 31, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 31, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Matthew T. Ajluni, Jason D. Kolkema, Clyde M. Metzger, Judith A. Sherman., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Ernest Moore #177514, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201

                                              s/ James P. Peltier
                                              James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church St.
                                              Flint, MI 48502
                                              810-341-7850
                                              pete_peliter@mied.uscourts.gov