THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST MOORE

        Plaintiff,

vs.

HOWARD TANNER, MICHAEL BURGESS,
CHRIS WILLIS, JACKSON COUNTY JAIL,
AND DANIEL HEYNS,

        Defendants.
_____/

Case No. 07-10442

DISTRICT JUDGE BERNARD A FRIEDMAN
MAGISTRATE JUDGE STEVEN D. PEPE

**ORDER DENYING PLAINTIFF'S REQUEST FOR
COURT ORDERED SANCTIONS (DKT. #43)
AND
<u>ORDER DENYING PLAINTIFF'S PETITION
FOR PRETRIAL CONFERENCE (DKT. #45)</u>**

On September 18, 2007, Defendants Michael Burgess, D.O. and unidentified Jane Doe filed their "Motion to Strike Plaintiff's Improper, Unauthorized And/Or Mislabeled Pleadings Dated September 8-9, 2007 " (Dkt. #34), which references documents the Clerk's Office accepted for filing on September 17, 2007, as an "Amended Complaint" (Dkt. #33).[1] All pretrial matters were referred on February 22, 2007, under 28 U.S.C. § 636(b) (Dkt. #9).

---

[1] On October 22, 2007, the Clerk's Office subsequently split Dkt. #33 into several filings, rather than one document under the heading "Amended Complaint." Those documents are now listed on the docket as: Dkt. #33, Amended Complaint; Dkt. #43, Request for a Court Order Sanctions for Non-Comliance (sic) with Local Rules 7.1; Dkt. #44, Motion for Court Order Physical and Mental Examination and; Dkt. #45, Petition for Pretrial Conferences Court Order. This Order will address Plaintiff's petition for a pretrial conference (Dkt. #45) and Plaintiff's request for court ordered sanctions (Dkt. #44). Plaintiff's other filings were handled in an October 31, 2007, order (Dkt. #49).

1

Defendants' Motion to Strike (Dkt. #34) was granted October 31. For the following reasons indicated below, **IT IS ORDERED THAT** both Plaintiff's petition for a pretrial conference and his request for court ordered sanctions are **DENIED**.

### I. PLAINTIFF'S PETITION FOR A PRETRIAL CONFERENCE

Under Fed. R. Civ. P. 16, in any action, the Court may **in its discretion** direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as: (1) expediting the disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation, and; (5) facilitating the settlement of the case. The following categories of action, however, shall be exempted from the requirements of Fed. R. Civ. P. 16(b), unless otherwise ordered by the Judge to whom the action or proceeding is assigned: (1) all actions in which one of the parties appears *pro se* and is incarcerated. . . . *See*, L.R. 16.1.

Because Plaintiff has provided no reasons why this Court should depart from this District's practice of not holding pretrial conferences in actions brought by a *pro se* party that is incarcerated, his petition for a pretrial conference is **DENIED**. Requests for a pretrial conference may be reviewed again following the handling of dispositive motions filed in this case, currently due by March 27, 2008.

### II. PLAINTIFF'S REQUEST FOR COURT ORDERED SANCTIONS

Plaintiff requests that Defendant Tanner be sanctioned for his failure to comply with this Court's August 6, 2007, Notice to Respond to Motion (Dkt. #26). This Court issued a Notice to Respond to Motion requiring a response to Plaintiff's Motion to Compel Discovery (Dkt. #24)

within 14 days after the date of service. Although Defendant Tanner failed to file a timely response, this matter was sufficiently addressed in Defendant Tanner's Motion for Reconsideration dated September 7, 2007 (Dkt. #31) which was ultimately denied in this Court's Order Denying Defendant Tanner's Motion for Reconsideration dated September 12, 2007 (Dkt. #32).[2] The Order Denying Defendant Tanner's Motion for Reconsideration, as well as the underlying Order Granting Plaintiff's Motion to Compel dated August 30, 2007 (Dkt. #30), did not include an order of sanctions. Moreover, Plaintiff received the discovery requested from Defendant Tanner in his August 1, 2007, Motion to Compel (*See*, Dkt. #31 & Dkt. #32). Because there is insufficient cause to grant sanctions at this time, Plaintiff's request for court ordered sanctions is **DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).

**SO ORDERED.**

Date: November 27, 2007             s/Steven D. Pepe
Flint, Michigan             United States Magistrate Judge

---

[2] On September 7, 2007, Defendant Tanner filed his Motion for Reconsideration claiming that "Defendant Tanner's Brief in Response to Plaintiff's Motion to Compel was mistakenly never electronically filed with the Court" (Dkt. #31).

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 27, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Matthew T. Ajluni, Jason D. Kolkema, Clyde M. Metzger, Judith A. Sherman., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Ernest Moore #177514, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201

                                        s/ James P. Peltier
                                        James P. Peltier
                                        Courtroom Deputy Clerk
                                        U.S. District Court
                                        600 Church St.
                                        Flint, MI 48502
                                        810-341-7850
                                        pete_peliter@mied.uscourts.gov