THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST MOORE,

        Plaintiff,

vs.

Case No. 07-10442

DISTRICT JUDGE BERNARD A FRIEDMAN
MAGISTRATE JUDGE STEVEN D. PEPE

LIEUTENANT TANNER, MICHAEL BURGESS,
CHRIS WILLIS, JACKSON COUNTY JAIL,
SHERIFF DANIEL HEYNS, and JANE DOE,

        Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JACKSON COUNTY'S MOTION TO STRIKE AMENDED COMPLAINT CLAIMS AGAINST LT. HOWARD TANNER AND SHERIFF DANIEL HEYNS (DKT. #60)
AND
ORDER MODIFYING CASE CAPTION
AND
<u>ORDER TO SHOW CAUSE</u>**

On October 5, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint in which he sought to add parties to this lawsuit (Dkt. #38). In his original Complaint, Plaintiff named a Jane Doe Defendant and Lt. Tanner as Sheriff, as well as Michael Burgess. Through discovery, Plaintiff learned that Lt. Tanner is not the Sheriff for Chanter County Jail, but rather Defendant Tanner is in fact a Lieutenant at the Jackson County Jail facilities at Chanter Road and works under the supervision of the Sheriff, Undersheriff and Jail Administrator at the Jackson County Sheriff Department (Dkt. #14, p. 2). Since the filing of his original Complaint, Plaintiff has also determined that name of the Jane Doe defendant is Chris Willis, LPN. Accordingly, Plaintiff sought leave of the Court to amend his Complaint to include these two

1

defendants, Chris Willis and the Sheriff of the Jackson County Jail facilities at Chanter Road.

Plaintiff, however, failed to attach his Amended Complaint to his motion seeking leave to file or specifically identify the Sheriff by name in his motion, thereby making it unclear as to the precise manner in which Plaintiff wished to amend his Complaint as it relates to his claims against the Sheriff of the Jackson County Jail facilities at Chanter Road.[1] On October 15, 2007, Defendant Tanner filed his Response (Dkt. #40) to the Plaintiff's Motion for Leave to File an Amended Complaint, which in relevant part stated in Paragraph 3 that:

> In response to Paragraph 3, Defendant Tanner is without sufficient information upon which to form a belief as to the truth of the allegations for the reason that the Plaintiff has not attached a proposed Amended Complaint to his Motion for Leave to File an Amended Complaint. Insofar as it relates to the claims against this particular Defendant, however, Defendant Tanner states that he construes the Plaintiff's original Complaint as a claim against him in his "official capacity," which is essentially the same as an action against Jackson County itself. *Kentucky v Graham*, 473 U.S. 159, 165, 105 S Ct 3099, 87 L Ed 2d 114 (1985). Therefore, if the Plaintiff's proposed amended claim is limited to a claim against Defendant Tanner, the Sheriff, or another supervisory official in his or her "official capacity" only, Defendant Tanner would not oppose the Plaintiff's request and would stipulation to an amendment of the caption to substitute the County of Jackson for the previously named "Sheriff Tanner."

On October 31, 2007, this Court entered an Order (Dkt. #49) which, among other things, granted the Plaintiff's Motion for Leave to File an Amended Complaint. Insofar as it relates to "Sheriff Tanner," the Order states:

> Accordingly, Plaintiff's Motion for Leave to Amend his Complaint is **GRANTED** as it pertains to "Sheriff Tanner," and the caption to this case shall be amended to substitute the County of Jackson for the previously named "Sheriff Tanner."

Plaintiff was also ordered on or before November 20, 2007, to file a copy of his Amended

---

[1] While LR 15.1 does state that a party "must, except by leave of court, reproduce the entire pleading as amended," it also indicates that "failure to comply with this Rule is not grounds for denial of the motion."

Complaint in compliance with this Court's October 31, 2007, Order (Dkt. #50). It was further ordered that the Amended Complaint shall specifically list all Defendants and the allegations Plaintiff is bringing against each Defendant.

On November 19, 2007, Plaintiff filed his Amended Complaint against the following four Defendants in both their individual and official capacities: Sheriff Daniel Heyns, Lt. Howard Tanner, D.O. Michael Burgess and LPN Chris Willis (Dkt. #54). Plaintiff indicates that this is a civil rights action for violation of Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA"), and for violations of "Due Process and the Equal Protection Clause as well discrimination based on his disability both physical and mental by person action under color of state law" (Dkt. #54, ¶ 1). He seeks an injunction and money damages against "personal of both the Jackson County Jail[,] Sheriff Daniel Heyns[,] and the (NEW) Jail located at Chanter Rd [,] Lt. Howard Tanner D.O., Michael Burgess[,] LPN Chris Willis." *Id.*

In his fact section, Plaintiff alleges that upon entering the Jackson County Jail on an outstanding felony warrant, Plaintiff informed the staff of an appointment he had with a doctor at the Foote Hospital for follow-up treatment related to a stab wound injury he received on September 16, 2005 (Dkt. #54, p. 3).[2] Plaintiff alleges that his appointment was "cancel[led] per Tanner orders," but that another inmate, "Tommie Simmon" was allowed to go to his outside appointment (Dkt. #54, ¶ 8). He is suing Defendants Burgess (the jail's doctor) and Willis (the jail's nurse) for failure to provide him with adequate medical care at the jail, allegedly resulting

---

[2] Later in his Amended Complaint, Plaintiff indicates that follow-up care was to have taken place at the University of Michigan Hospital (Dkt. #54, p. 4).

in Plaintiff suffering pain and an impairment to his left hand. Plaintiff is also suing Defendant Tanner for not allowing him to go to his outside appointment. For Sheriff Daniel Heyns, the Amended Complaint states only that he is the Sheriff of "both Jackson, County Jail and it (sic) (New) Chanter Road Facility and is responsible for the operation also administration and assuring that all detainee receive reasonable and adequate medical and health care in accord with policy regulation and state and federal laws." (Dkt. #54, ¶ 6).

On December 5, 2007, Defendant Jackson County[3] filed its Motion to Strike Amended Complaint Against Lt. Howard Tanner and Sheriff Daniel Heyns because his Amended Complaint was not in compliance with this Court's October 31, 2007 (Dkt. #60). Defendant Jackson County argues Plaintiff failed to amend the caption of his Complaint to substitute the County of Jackson for the previously named "Sheriff Tanner," but rather Plaintiff incorrectly continues to assert allegations against Lt. Howard Tanner, as well as Sheriff Daniel Heyns, in violation of this Court's October 31 order (Dkt. #60). Defendant County of Jackson also states that the allegations against Lt. Howard Tanner, as well as Sheriff Daniel Heyns, are redundant, immaterial and impertinent, because the purported claims are essentially the same as an action against Jackson County itself. *Kentucky v Graham*, 473 U.S. 159, 165 (1985).

All pretrial matters were referred on February 22, 2007, in accordance with the authority conferred in 28 U.S.C. § 636(b) (Dkt. #9).

**A.** **Personal and Official Capacity Suits**

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237-238

---

[3] Defendant is listed in the caption as Jackson County Jail, but identifies itself in its motion simply as Jackson County.

(1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt,* 469 U.S. 464, 471-472 (1985). It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *See, e.g., Monroe v. Pape*, 365 U.S. 167 (1961). More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation, *Polk County v. Dodson*, 454 U.S. 312, 326, (1981) (quoting *Monell*, 436 U.S., at 694; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-818 (1985). *See Monell*, 436 U.S., at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

### B. Sheriff Heyns

Plaintiff's allegation against Sheriff Heyns is that he supervised the other Defendants and is therefore liable for their acts. There are no allegation that Sheriff Heyns was aware of arrest, his medical condition, his U of M doctor's appointment, or that he acquiesced to, or in any way participated in the events detailed in Plaintiff's Amended Complaint. Accordingly, Plaintiff's claims against Sheriff Heyns amounts to a claim for respondeat superior liability and such a claim is not valid under § 1983. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Comstock v. McCrary*, 273 F.3d 693, 712 (6th Cir. 2001).

"This court has held that § 1983 liability must be based on more than respondeat superior,
or the right to control employees." The supervisor is not liable for failing to supervise the offending employee unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Comstock,* 273 F.3d at 712-713 (quoting *Hays v. Jefferson City*, 668 F.2d 869, 874 (6th Cir. 1982)).

Because Plaintiff has failed to assert facts showing that Sheriff Heyns authorized, approved, or knowingly acquiesced in the alleged misconduct of the other Defendants, he has not stated a valid claim against Sheriff Heyns. Accordingly, Defendant's motion to strike is **GRANTED** as it pertains to Sheriff Heyns. An individual suit against Sheriff Heyns was not allowed by the October 31, 2007, order, and is not allowed here because it is futile as pled.

### C. Lt. Tanner

6

Defendant Tanner indicates in his Response (Dkt. #40) to the Plaintiff's Motion for Leave to File an Amended Complain that he construes the Plaintiff's original Complaint as a claim against him in his "official capacity" only. For this reason, Defendant Jackson County argues that the allegations against Lt. Howard Tanner, as well as Sheriff Daniel Heyns, are redundant, immaterial and impertinent, since the purported claims are essentially the same as an action against Jackson County itself. *Kentucky*, 473 U.S. at 165. Yet, a review of Plaintiff's original Complaint makes it clear that Plaintiff is suing Defendants in both their "Individual and Official Capaities (sic)" (Dkt. #1, p. 2). Plaintiff also states that Defendants in his Amended Complaint are being sued in both their official and individual capacities (Dkt. #54, ¶¶ 6-9).

While the Court ordered the caption to this case to be amended to substitute the County of Jackson for the previously named "Sheriff Tanner," this action was not intended to exclude Lt. Howard Tanner from this suit. As noted above, at the time Plaintiff filed his October 5, 2007, Motion for Leave to File an Amended Complaint he did not attach a copy of his proposed Amended Complaint that either identified the Sheriff by name or indicated in what capacity he wished to sue the Sheriff. Plaintiff simply stated that he had learned that Defendant Tanner was not the Sheriff and that he was "in the process of learning the Sheriff['s] full name upon further discovery" (Dkt. 38, ¶¶ 1-2). Given the lack of specific information, the Court granted leave for Plaintiff to add the County of Jackson as a defendant. Now that Plaintiff has filed his Amended Complaint, it is clear that he intended his suit to proceed against Lt. Tanner in both his individual and official capacities and not solely against the County of Jackson.

Nothing, however, in the Court's October 31, 2007, order states that Lt. Howard Tanner is terminated as a defendant. Rather, the order removes the non-existent "Sheriff Tanner"from

7

the caption in order to replace it with the true Sheriff or a suitable proxy. From reviewing his filings, it is clear that Plaintiff intended to bring allegations against both Sheriff Daniel Heyns and Lieutenant Howard Tanner.

For the reasons noted above, Plaintiff's allegations against Sheriff Heyns fail to state a valid claim. Yet, unlike the case with Sheriff Heyns, Plaintiff alleges that Lt. Tanner at least implicitly authorized, approved or knowingly acquiesced in the decision to cancel his outside appointment allegedly in a discriminatory fashion and in alleged violation of his right to seek adequate medical treatment of a serious medical need. Accordingly. it is proper that Defendant Tanner remain a party defendant in his individual and official capacity.

Courts are liberal in allowing parties to amend complaints, "which reinforces one of the basic policies of the federal rules – that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1473, at 521 (2d ed. 1990). Because Defendant Jackson County has failed to provide sufficient reasons why Lieutenant Howard Tanner should be stricken from Plaintiff's Amended Complaint, its December 5, 2007, Motion to Strike Amended Complaint Against Lt. Howard Tanner is **DENIED**.

It is **FURTHER ORDERED** that Defendant Jackson County. Defendant Jackson County Jail and Defendant Jane Doe be stricken from the caption to this action and it is **FURTHER ORDERED** that the case be captioned: **ERNEST MOORE v . LT. HOWARD TANNER, DR. MICHAEL BURGESS, D.O., AND LPN CHRIS WILLIS.**

# **NOTICE TO PLAINTIFF**

From reviewing Plaintiff's Amended Complaint, it is not clear why he is bringing this action for violations under Section 504 of the Rehabilitation Act or Title II of the Americans with Disabilities Act. It is therefore **ORDERED** that on or before January 28, 2008, Plaintiff shall provide this Court with a detailed factual submission, with specific references to applicable statutes and the facts of the case, explaining in what manner each of the four Defendants have allegedly violated Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. Failure to provide sufficient justification for these pleadings may result in those claims from being stricken from Plaintiff's Amended Complaint.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: December 27, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 27, 2007.

                                                  s/ Alissa Greer
                                                  Case Manager to Magistrate
                                                  Judge Steven D. Pepe
                                                  (734) 741-2298